# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Chaplain SIDONIE HALL, | : | NO. 5:11-CV-112 (HL) |
| Defendant | : | |
| | : | **O R D E R** |

Plaintiff **GREGORY GILLILAN**, # 774552, currently an inmate at Central State Prison ("CSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." " The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *See Rivera v. Allin,* 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals that plaintiff has filed approximately 147 civil actions in the United States District Courts for the Middle and Southern Districts of Georgia, and at least 11 of those complaints or appeals have been dismissed as frivolous.[1] As plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff's allegations of religious discrimination clearly do not support that plaintiff is in "imminent danger of serious physical injury."

Because plaintiff has at least three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form **and** the entire $350.00 filing fee. As the Eleventh Circuit held in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

---

[1] *Gillilan v. Pollark,* 1:07-CV-50 (WLS) (M.D. Ga. Apr. 4, 2007); *Gillilan v. Galloway*, 1:06-CV-71 (WLS) (M.D. Ga. Mar. 5, 2007); *Gillilan v. Scarborough*, 1:05-CV-172 (WLS) (M.D. Ga. Feb. 2, 2007); *Gillilan v. Harrison*, 1:06-CV-176 (WLS) (M.D. Ga. Jan. 31, 2007); *Gillilan v. Bell,* 1:07-CV-3 (WLS) (M.D. Ga. Jan. 11, 2007); *Gillilan v. Thomas*, 1:06-CV-122 (DHB) (S.D. Ga. Jan. 10, 2007); *Gillilan v. Johnson*, 1:06-CV-177 (WLS) (M.D. Ga. Jan. 8, 2007)( Additionally, a later appeal was dismissed as frivolous in this case on April 25, 2007); *Gillilan v. Cannon*, 1:06-CV-114 (WLS) (M.D. Ga. Aug. 8, 2006); *Gillian v. Hilton*, 1:05-CV-133 (WLS) (M.D. Ga. Aug. 18, 2006) (Additionally, a later appeal was dismissed in this case on May 8, 2007).

**SO ORDERED**, this 25th day of March, 2011.

            *s/ Hugh Lawson*
            HUGH LAWSON
            UNITED STATES DISTRICT JUDGE

cr